Martha SEBASTIAN–MATEO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71028.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 18, 2003.

Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Margaret Perry, Esq., Robbin K. Blaya, Esq., Christine A. Bither, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Martha Sebastian–Mateo, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and deny the petition for review.

Sebastian's contention that the BIA's streamlining procedures violate due process is foreclosed by *Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

The record does not compel the conclusion that Guatemalan guerillas kidnaped, assaulted, and conscripted Sebastian because of her real or imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, substantial evidence supports the IJ's conclusion that Sebastian was not persecuted and does not reasonably fear persecution on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir.1997).

As Sebastian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.